UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCOTT HAYDEL,

                  Plaintiff,          21-cv-10604 (JGK)

     - against -                 MEMORANDUM OPINION
                                                     AND ORDER

EXPONENTIAL WEALTH INC., ET AL.,
                  Defendants.

---

JOHN G. KOELTL, District Judge:

    The defendant, Krysta-Lynne Murnane (the "Moving Defendant"), moves to vacate the default entered against her, ECF No. 28, and necessarily as well that portion of this Court's Order that referred the matter to the Magistrate Judge for an inquest on damages in connection with the entry of a default judgment against her, ECF No. 40.

    The standard to be applied to a motion to vacate a default is well established. "When deciding whether to relieve a party from default or default judgment," courts "consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001).[1] The determination whether to grant relief to a defaulting party is

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

"left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).

"It is well established that default judgments are disfavored," and "[a] clear preference exists for cases to be adjudicated on the merits." Pecarsky, 249 F.3d at 174. Accordingly, any doubt "as to whether a default should be granted or vacated . . . should be resolved in favor of the defaulting party." Enron Oil, 10 F.3d at 96. "Further, concerns regarding the protection of a litigant's rights are heightened when the party held in default appears pro se." Id. Therefore, because "[a] party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation," a district court should "grant leave to set aside the entry of default freely when the defaulting party is appearing pro se." Id.

In this case, the Moving Defendant has explained that her default in answering the complaint was not willful. Her husband was allegedly responsible for the corporation that was the vehicle for the alleged fraud in this case, and he was allegedly responsible for accepting service of the complaint in this action. The only basis for the default in this case was the

2

failure to respond to the complaint. The Moving Defendant alleges that her failure to answer was not willful but caused by the fact that her husband was responsible for handling the litigation. The Moving Defendant is now prepared to defend the case pro se and has asserted a plausible meritorious defense, namely that she was not responsible for the underlying fraudulent conduct charged in the complaint. The plaintiff would not be prejudiced by vacating the default. There has been no activity in this case other than the effort to secure a default judgment for the failure to respond to the complaint. There is no evidence of the loss of evidence or any wasted efforts pursuing this case.

## CONCLUSION

Under all of the circumstances, the default entered against Krysta-Lynne Murnane is vacated and the motion for a default judgment with respect to Krysta-Lynne Murnane, ECF No. 33, is denied. Krysta-Lynne Murnane is directed to respond to the complaint by **September 30, 2022.**

SO ORDERED.
Dated:   New York, New York
         September 8, 2022

/s/ John G. Koeltl
John G. Koeltl
United States District Judge

3